**FKB** Furman Kornfeld & Brennan LLP

Wall Street Plaza
88 Pine Street, 32nd Floor, New York, NY 10005
Tel: 212-867-4100  Fax: 212-867-4118
www.fkblaw.com

July 21, 2025

<u>VIA ECF</u>
Hon. Eric Komitee, U.S.D.J.
United States District Court E.D.N.Y.
225 Cadman Plaza East, Room 6G North
Brooklyn, New York 11201

      Re:    *Elliot M. Hirsch v. Rabbi Yitzchak Yisraeli, et. al.*
           Case No.: 1:25-cv-02757(EK)(VMS)
           FKB File No.: 313.581

Dear Judge Komitee:

      This firm represents Jay R. Butterman, Esq. ("Attorney Butterman"). In accordance with Your Honor's Individual Rules, we write to respectfully request a pre-motion conference regarding our intent to file a Fed. R. Civ. P. 12(b)(6) motion to dismiss the Complaint filed by Plaintiff, Elliot M. Hirsch ("Plaintiff") on or around May 15, 2025. Additionally, Attorney Butterman seeks a vexatious litigant determination against Plaintiff pursuant to 28 U.S.C. §1927 along with an imposition of sanctions and an injunction against Plaintiff precluding Plaintiff from filing any further lawsuits against Attorney Butterman pursuant to Fed. R. Civ. P. 11(b)(1) & (c)(1).

### FACTUAL BACKGROUND

      This Court is already well aware of the facts that underscore this lawsuit as well as Plaintiff's conduct in bringing numerous other suits against any individual or entity in any way remotely connected to Plaintiff's acrimonious divorce from defendant Elizabeth Kairey ("Kairey"). Given the extensive history of this dispute already before this Court, an abridged version of the underlying facts is as follows: Kairey sought a divorce from Plaintiff after several years of marriage, but Plaintiff refused to give Kairey a *Get* (religious divorce). Ms. Kairey's friends and family thereafter started an online funding campaign to raise funds for Kairey so that she could obtain a civil divorce considering Plaintiff's refusal to grant her a religious divorce. Ms. Kairey ultimately filed for a civil divorce in June 2018 to obtain the civil divorce and sought to affirm a prior arbitration award in her favor as well as to address Plaintiff's conduct. The arbitration award was affirmed and the matter decided entirely in Kairey's favor. Plaintiff argues that he was threatened and intimidated into giving Kairey a *Get* and has launched a campaign of endless lawsuits against anyone remotely related to the couple's divorce.

### GROUNDS FOR DISMISSAL – FED. R. CIV. P. 12(b)(6)

#### *Unjust Enrichment*

      The only cause of action specifically asserted against Attorney Butterman (who is only referenced *once* in the entire 110-page Complaint prior to this cause of action. *Compl.* ¶57) is for unjust enrichment pursuant to the allegation that his legal fees were paid with funds raised through the online funding campaign in support of Kairey's civil divorce.

**Westchester:** 84 Business Park Drive, Suite 211, Armonk, NY 10504 | Tel: 914-920-4000 | Fax: 914-347-3898
**Long Island:** 666 Old Country Road, Garden City, NY 11530 | Tel: 718-983-3501

*Elliot M. Hirsch v. Rabbi Yitzchak Yisraeli, et. al.*
Case No.: 1:25-cv-02757(EK)(VMS)
Page 2 of 3

To prevail on a claim for unjust enrichment in New York, a plaintiff must establish: "(1) defendant was enriched; (2) the enrichment was at plaintiff's expense; and (3) the circumstances were such that equity and good conscience require defendant to make restitution." *Hughes v. Ester C Co.*, 930 F.Supp.2d 439 (E.D.N.Y. 2013). When considering an unjust enrichment claim, a court's "essential inquiry" is one of "equity and good conscience… Sufficient proof that an innocent party specifically and directly benefitted requires more than a showing that the innocent party may have had access to, or some awareness of, the funds in question. "[O]n a theory of unjust enrichment, there must first be enrichment." *Indyk v. Habib Bank Ltd.,* 694 F.2d 54, 57 (2d Cir.1982); *see also Jaffe v. Capital One Bank,* 2010 WL 691639 (S.D.N.Y. Mar. 1, 2010) (noting "[t]he absence of an allegation that Defendants *tangibly* benefitted at Jaffe's expense") (emphasis added). Thus, in *Zell & Ettinger v. Berglas,* the Second Department held that a husband was not unjustly enriched simply because he had access to his wife's misappropriated funds in the couple's joint bank account. *Marini v. Adamo*, 12 F.Supp.3d 549 (E.D.N.Y 2014).

Attorney Butterman was not "enriched" under any circumstance, let alone at the expense of the Plaintiff. He was paid for the legal services he provided to Kairey, and there is no basis for this Court to strip Attorney Butterman of his duly earned fee and simply "hand" the same over to the Plaintiff – the concept makes no sense. Furthermore, this Court has previously ruled that even if the funds were raised inappropriately (which they were not), Attorney Butterman – an innocent third party – would not be "enriched" merely because the work he performed for Kairey was paid for with those funds. There is no allegation in the Complaint that Attorney Butterman participated in any way with the online fundraising movement.

Furthermore, this claim for unjust enrichment is subject to a three-year statute of limitations as the remedy sought – disgorgement of fees – is purely monetary. *IDT Corp. v. Morgan Stanley Dean Witter & Co.*, 12 N.Y.3d 132 (2009); *Access Point Med., LLC v. Mandell*, 106 A.D.3d 40 (1st Dept 2013). Therefore, this claim is also time-barred.

### *Intentional Infliction of Emotional Distress/Assault/Conspiracy*

These three (3) causes of action are asserted against "all defendants" and arise from the allegations that the defendants, collectively and without distinction, "threatened" Plaintiff with physical harm under the auspices of the "Free Elizabeth" online campaign. However, there is no mention of Attorney Butterman *anywhere* in the allegations that support these three causes of action. Not only is Attorney Butterman not referenced whatsoever in these three causes of action, but Plaintiff reserved an astounding 232 paragraphs in the Complaint to describe the conduct of each individual defendant in detail, yet the only mention of Attorney Butterman throughout the entirety of the factual recitation in the Complaint is at ¶57 where Plaintiff alleges that Attorney Butterman represented Kairey from "March 1, 2019, through at least May 4, 2023."

There is no allegation in the Complaint that Attorney Butterman participated in the online fundraising campaign which would support these causes of action. Attorney Butterman is prepared to engage in a more substantive legal analysis as to how Plaintiff failed to assert these three causes of action as against Attorney Butterman, but it would seem entirely unnecessary given how much of an afterthought Attorney Butterman's inclusion in this lawsuit actually was.

Additional bases for dismissal of these claims also include: (1) the claim for emotional distress has a one-year statute of limitations and is time-barred; and (2) there is no individual civil action for conspiracy, which is a criminal statute as opposed not a tort.

## SANCTIONS, PRECLUSION AND VEXATIOUS LITIGANT DETERMINATION

Attorney Butterman further wishes to note: (1) the claimed damages are based upon an order of child support which Plaintiff failed to honor, which raises the prospect of unclean hands, and that the damages are unrelated to the claimed cause of action; and (2) to highlight the frivolous nature of the claim, both defendants, Joel Borenstein, the attorney for the child ("AFC"), and Mark Rand, the Court appointed psychologist who opined as the Court's neutral expert in the divorce matter, were only involved in the custody aspect of the underlying matter and could have no relationship to the purported damages.

Given Plaintiff's relentless efforts to unjustifiably drag Attorney Butterman through these endless proceedings, Attorney Butterman respectfully seeks a formal declaration that Plaintiff is a vexatious litigant within the meaning of *28 U.S.C. §1927*, which permits the Court to compel the vexatious litigant to satisfy personally, the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct, and any other relief within this Court's discretion. Attorney Butterman further requests a declaration that Plaintiff has sued Attorney Butterman herein for the improper purpose of harassment within the meaning of *Fed. R. Civ. P. 11(b)(1)*, as well as an imposition of sanctions against Plaintiff pursuant to *Fed. R. Civ. P. 11(c)(1)* for violating Rule 11(b) and an order of preclusion preventing Plaintiff from filing further vexatious litigation. *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986).

For the foregoing reasons and principles of law, Attorney Butterman seeks the full extent of the requested relief.

Respectfully Submitted,

FURMAN KORNFELD & BRENNAN LLP

*Jason Seiler*

Andrew R. Jones
Jason H. Seiler

cc: *All parties and counsel of record* (*via ECF*)