

# METHFESSEL & WERBEL
### A Professional Corporation

JOEL N. WERBEL>
JOHN METHFESSEL, JR.>
FREDRIC PAUL GALLIN*+^
WILLIAM S. BLOOM>*
ERIC L. HARRISON*+
MATTHEW A. WERBEL>
LORI BROWN STERNBACK*+
I. BLAKELEY JOHNSTONE, III+*
GINA M. STANZIALE>
PAUL J. ENDLER JR.>
JAMES P. CULLEN, JR.=^
THOMAS O. MULVIHILL>
JAMES FOXEN^
SARAH K. DELAHANT+
ATHINA L. CORNELL+
JEFFREY R. MERLINO+
JENNIFER A. OSBORNE+
ANDREW J. GIBBS>
JARED S. SCHURE>

Of Counsel
STEPHEN R. KATZMAN#
ED THORNTON>
MICHAEL TRIFIOLIS>
BETH A. BOLGER+
PAUL E. GRIGGS>

Counsel
ADAM M. CARMAN+^
SHAJI M. EAPEN+
JOSEPH C. FALK>
ANGELA M. GURRERA>
GERALD KAPLAN>
JARED P. KINGSLEY*+
JOHN R. KNODEL*+
LESLIE A. KOCH=
CHARLES T. MCCOOK, JR.*>
CHRISTINA MICHELSON+
RICHARD A. NELKE~
STEVEN K. PARNESS+
RAINA M. PITTS^
AMANDA J. SAWYER^
STEVEN A. UNTERBURGER+

Associates
EDWARD D. DEMBLING>
KARISHMA DHRUVE>
MICHAEL R. EATROFF>
ERICA FRANCISCO-LAU+
FRANK J. KEENAN+^
SCOTT KETTERER>
ZURAB MAISURADZE>
JOHN M. MARTIN>
ANTHONY J. MANCUSO>
KAJAL J. PATEL+
ADAM M. SCHWARTZ+
VITTORIA A. SCULCO>
SARAH E. SHEPP+
ALYCIA M. SWIFT+
TIFFANY D. TAGARELLI>

Retired
JOHN METHFESSEL, SR.>
 (1935-2017)
DON CROWLEY*+
 (1942-2024)
MARC DEMBLING*+
 (1944-2022)

*Certified by the Supreme Court of
  New Jersey as a Civil Trial Attorney
+Member of NY & NJ Bar
^Member of PA & NJ Bar
^Member of NY Bar only
>Member of NJ Bar only
#Member of NJ & LA. Bar
<Member of NJ & DC Bar
≤Member of NJ, NY & CA Bar
≥Member of NJ, PA & DC Bar
~Member of NY, NJ & DC Bar
=Member of NY, NJ & MA Bar
+Member of NY, NJ & FL Bar

**Please reply to New York**

July 25, 2025

The Honorable Eric R. Komitee
United States District Court
Eastern District of New York
225 Cadman Plaza East, Courtroom 6G North
Brooklyn, NY 11201

RE: **HIRSCH, ELLIOT VS. LAURIE BEDA, ET AL.**
     Our File No.     : 92106 FPG
     Docket No.      : 1:25-cv-02757-EK-VMS

Dear Judge Komitee:

This firm represents defendant Sari Dana. I write this correspondence to request a pre-motion conference in order to make a Motion to Dismiss pursuant to F.R.C.P. 12.

The Court is very familiar with Mr. Hirsch's litigation. It has been refiled. In the prior iteration of this litigation the Court wanted all the Motions to Dismiss filed at once. This Court dismissed the Federal Counts with prejudice. The Court then dismissed the State Counts without prejudice because Mr. Hirsch did not show diversity of jurisdiction. He now claims he has satisfied the diversity requirement.

I would like to point out that Mr. Hirsch has shown disrespect to this Court because in the new pleading he claims that Your Honor's prior rulings had no effect, and you did not have the authority to dismiss his case with prejudice. Please see Paragraph 14 of the new Complaint.

As the Court is well aware plaintiff has engaged in an extensive campaign against his ex-wife and multiple other parties. My client is actually not part of the grand conspiracy against Mr. Hirsch. My client is only accused of a single reposting about the Free Elizabeth campaign and that people who are Get deniers are bad people.

Methfessel & Werbel, Esqs.
Our File No. 92106 FPG
Page 2

She is a bit player in this entire drama. My concern is that my motion will again become wrapped up with all the other parties who have far larger parts to play. The fact that there is no case against my client will be overshadowed by everything else that is going on with all the other parties. I am going to respectfully request that Your Honor look at my client's situation individually.

There are 14 Counts in the Complaint, including the RICO Counts Your Honor has already dismissed with prejudice. My client is only named for sure in three of the Counts. One of those is for intentional infliction of emotional distress. Another is for civil conspiracy, and another is for civil assault. A fourth, where it is not clear my client is being sued, is for private nuisance.

Making a post that "refusing to give a get is abuse and must stop" does not fit any of these tort categories.

The tort of intentional infliction of emotional distress requires conduct that is outrageous and goes beyond the bound of decencies and is utterly intolerable in a civilized society. Whether the alleged conduct is sufficiently outrageous can be for the Court in the first instance and this is a tort that is particularly susceptible to a pre-Answer Motion to Dismiss. Expressing an opinion within one's First Amendment rights against a get refuser is not intolerable conduct.

To the extent she is accused of a private nuisance she did not commit one. The allegations of private nuisance go to some protest that took place outside plaintiff's home in Oakhurst, New Jersey.

A civil assault requires intentionally placing somebody else in fear of imminent harm. Reposting that being a get refuser is abuse is not a direct threat to plaintiff at all and does not amount to an assault.

There is no independent tort of civil conspiracy. There has to be predicate act. There has to be allegations that Ms. Dana acted in concert with other people. There is not even a shred of allegation that Ms. Dana was part of some big conspiracy to get at plaintiff. There is no proof that her single post is a result of acting in concert with anybody.

I do not intend to reinvent the wheel. My plan was to attach the prior motion to dismiss with some supplementation.

As a final matter going back to when this case was in the District of New Jersey before Judge Wolfson we have repeatedly asked the Court to address the problem with the Establishment Clause raised by this case. There is no way that this case be resolved without "rabbinical supervision". In order to understand what this case is about one has to understand what a Get is, how it was issued and

Methfessel & Werbel, Esqs.
Our File No. 92106 FPG
Page 3

the lack of justification for plaintiff's claims that under Jewish law he was improperly coerced into giving a Get. Again, plaintiff is again asking this Court to act as the Appellate Division for the Rabbinical Court that issued the Get and to reverse their ruling in order that the Get be returned to him. Asking this Court to get involved with the returning of a Get by definition involves religious law.

I understand this Court's position from the prior case as to why it wanted everybody to make a consolidated motion. The end result was dismissal of Federal counts and no decision on the State Court claims. There was no ruling on the Establishment Clause issue. If we do this as a unified motion, again, my little position is going to get overwhelmed by all the other parties who have a much bigger stake in the litigation and much more involvement with plaintiff. There is going to be litigation over civil rights allegations against other defendants. Plaintiff has now sued the City of New York and there will be issues as to whether those claims are viable or barred by the Statute of Limitations because they were not part of the first suit. These other issues do not involve my client.

My client's role in this drama is the equivalent of an extra who has one line in a three-hour movie. My concern throughout all these years has been that after my client delivers her one line she is going to be required to stick around for the entire production. Her one line is going to get lost in the sauce when all the attention is paid to the principal actors in the movie. I want to be able to say my client's "one line" and get off the stage. It is for these reasons I ask for a pre-argument conference and ultimately the right to make my own Motion to Dismiss so that my client's issues can be focused on and hopefully my client can be freed from continued harassment by Mr. Hirsch.

I thank the Court for consideration of this correspondence.

                                      Respectfully submitted,

                                      **METHFESSEL & WERBEL, ESQS.**

                                      */s/ Fredric Paul Gallin*

                                      Fredric Paul Gallin
                                      gallin@methwerb.com
                                      Ext. 162

FPG:as/tm/gst

Methfessel & Werbel, Esqs.
Our File No. 92106 FPG
Page 4

cc:  VIA EMAIL: elliothirschlaw@gmail.com
Elliot Hirsch
7 Saxony Drive
Oakhurst, NJ 07755

VIA EMAIL: mbinsky@agfjlaw.com
Mark Binsky, Esq.
Abrams, Gorelick, Friedman & Jacobson, LLP
One Battery Park Plaza 4th Floor
New York, NY 10004

VIA EMAIL: arichardson@agfjlaw.com
Atasia Richardson, Esq.
Abrams, Gorelick, Friedman & Jacobson, LLP
One Battery Park Plaza 4th Floor
New York, NY 10004

VIA EMAIL: joanna.piorek@wilsonelser.com
Joanna Piorek, Esq.
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
1133 Westchester Avenue
White Plains, NY 10604

VIA EMAIL: fxryan@glrlaw.com
Francis Ryan, Esq.
Green, Lundgren & Ryan
20 Brace Road  Suite 200
Cherry Hill, NJ 08034

VIA EMAIL: Jeffrey@dweckny.com
Jeffrey S. Dweck, Esq.
Law Firm of Jeffrey S. Dweck, P.C.
43 West 33 Street
Suite 304
New York, NY 10001

VIA EMAIL: mmaimon@lpklaw.com
Moshe Maimon, Esq.
Levy, Phillips & Konigsberg, LLP
800 3rd Avenue
11th Floor
New York, NY 10022