

**THE CITY OF NEW YORK**

**MURIEL GOODE-TRUFANT**
*Corporation Counsel*

**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK , NEW YORK 10007

**MARY O'FLYNN**
*Senior Counsel*
moflynn@law.nyc.gov
Phone: (212) 356-2352

July 28, 2025

**By ECF**
Magistrate Judge Vera M. Scanlon
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

<u>Elliot M. Hirsch v Rabbi Yitzchak Yisraeli et al.,</u> 25-CV-02757 (EK)(VMS)

Your Honor:

I am a Deputy Chief in the Special Federal Litigation Division of the New York City Law Department. I write on behalf of defendant City of New York to respectfully request: (1) a nunc pro tunc forty five day enlargement of time, from July 24, 2025 until September 8, 2025, to answer or otherwise respond to the complaint; and (2) that the court deny plaintiff's request for a certificate of default in this action. Due to the time sensitive nature of this request the undersigned did not have an opportunity to confer with pro se plaintiff about this application.

As a threshold matter, the undersigned sincerely apologizes for the late nature of this request. There was an administrative oversight in the processing of this case which caused the delay resulting in the response date mistakenly being calendared as today July 28, 2025, instead of July 24, 0225. Upon reviewing the docket sheet earlier today, the undersigned discovered that a request for a certificate of default had been filed on July 25, 2025, one day past the answer date. The undersigned assures the Court that the delay was due to an administrative error and not made in bad faith.

With respect to plaintiff's request for a certificate of default this office respectfully submits plaintiff has not and cannot meet the necessary criteria. The widely accepted factors considered for default are: (1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented. <u>Enron Oil Corp. v. Diakuhara,</u> 10 F.3d 90, 96 (2d Cir. 1993). For the purposes of a motion for relief from default, "all doubts must be resolved in favor of trial on the merits." <u>Enron</u>, 10 F.3d at 98. In the instant action, the failure to timely respond to the complaint was not willful but rather the result of an administrative oversight and human error. Because this case is in the very early stages of litigation

there is no prejudice to plaintiff and this office respectfully submits there are several meritorious defenses to this action.

Plaintiff is no stranger to this Court or to litigating the underlying issues raised in the instant complaint. Specifically, Plaintiff has brought several actions which appear to all stem from the same series of events involving his divorce from his ex-wife. The instant action names thirty four defendants, with approximately twenty five of those defendants being previously named and dismissed from another action in this Court. See Elliott M. Hirsh v Laurie Beda et al., 22-cv-5011 (EK)(VMS).[1] By Orders dated March 25, 2025 and April 22, 2025 District Judge Komitte dismissed the federal RICO and RICO-conspiracy claims with prejudice and the state law claims were dismissed without prejudice for want for subject-matter jurisdiction. Id at Docket Entry 210 & 212.

With respect to the allegations asserted against the City of New York in the lengthy complaint here, plaintiff appears to allege, inter alia, that on March 11, 2021 a protest was staged at Corporal Wiltshire Park in Brooklyn targeting plaintiff and that the NYPD did not meaningfully intervene or prevent the gathering. See Complaint at paragraph 261. Plaintiff, however, fails to allege any specific injuries as a result of this incident. It also appears any such incident would be time barred by the three year statute of limitations applicable to claims brought under 42 U.S.C. Sec. 1983.

In accordance with this office's obligations under Rule 11 of the Federal Rules of Civil Procedure, our office will need additional time to more fully investigate the allegations of the complaint. In light of the above, this office respectfully asks that the Court deny plaintiff's request for a certificate of default and grant the nunc pro tunc enlargement of time until September 8, 2025 for defendant City to answer or otherwise respond to the complaint.

Thank you for your consideration of this request.

Respectfully submitted,

/s/Mary O'Flynn
Senior Counsel
Special Federal Litigation Division

---

[1] On information and belief the City of New York was not named as a defendants in the prior actions brought by plaintiff.

cc: Elliot Hirsch
Plaintiff pro se
Email: elliothirschlaw@gmail.com

All other parties by ECF