

**Shirley Karasick, Esq.**
212.915.5432 (direct)
Shirley.karasick@wilsonelser.com

**Joanna Piorek, Esq.**
973.735.5767 (direct)
joanna.piorek@wilsonelser.com

August 22, 2025

<u>**VIA ECF**</u>
The Honorable Justice Eric R. Komitee
United States District Court Eastern District of New York
225 Cadman Plaza East, Courtroom 6G North
Brooklyn, NY 11201

      Re:   <u>**Elliot Hirsch v. Rabbi Yitzchak Yisraeli, et al.**</u>
              Venue:       U.S. District Ct. for the Eastern District of New York
              Case No.:    1:25-cv-2757-EK-VMS
              Our File No.: 06729.00445

Dear Judge Komitee:

      This firm represents Defendant Yeshivah of Flatbush Joel Braverman High School, improperly named Yeshiva of Flatbush Joel Braverman High School LLC in Plaintiff's Complaint in the above-referenced matter. In accordance with Your Honor's Individual Rules, we write to respectfully request a pre-motion conference regarding our intent to file a Fed. R. Civ. P. 12(b)(6) motion to dismiss the current Complaint filed by Plaintiff Elliot M. Hirsch ("Plaintiff") on or around May 15, 2025.

**I.    Relevant Background and Procedural History**

      As Your Honor is aware, Plaintiff Hirsch had filed a number of actions in this Court alleging various allegations against various parties. Most relevant herein is the Plaintiff's prior action of *Hirsch v. Beda, et al.*, Civil Action No. 1:22-cv-05011-EK-VMS that was before Your Honor and which Your Honor adjudicated by virtue of the Court's March 25, 2025 Memorandum and Order dismissing the federal causes of action and further dismissing the state law claims for lack of jurisdiction.

      Seemingly undaunted by Your Honor's March 2025 Memorandum and Order in the *Hirsch v. Beda, et al.*, matter, Plaintiff filed this current action which is simply a new iteration of the prior action as before albeit adding defendants and reshuffling causes of action. This action again arises

150 East 42nd Street | New York, NY 10017 | p 212.490.3000 | f 212.490.3038 | wilsonelser.com

Albany, NY | Atlanta, GA | Austin, TX | Baltimore, MD | Beaumont, TX | Birmingham, AL | Boston, MA | Charlotte, NC | Chicago, IL | Dallas, TX | Denver, CO
Detroit, MI | Edwardsville, IL | Florham Park, NJ | Garden City, NY | Hartford, CT | Houston, TX | Jackson, MS | Las Vegas, NV | London, England | Los Angeles, CA
Louisville, KY | McLean, VA | Merrillville, IN | Miami, FL | Milwaukee, WI | Nashville, TN | New Orleans, LA | New York, NY | Orlando, FL | Philadelphia, PA | Phoenix, AZ
Raleigh, NC | San Diego, CA | San Francisco, CA | Sarasota, FL | Seattle, WA | Stamford, CT | St. Louis, MO | Washington, DC | West Palm Beach, FL | White Plains, NY

282878558v.1

from the factual circumstances involving Plaintiff's acrimonious divorce from his ex-wife Elizabeth Kairey and Plaintiff's refusal to grant her a Get (religious divorce), and apparent associated public expression of opinion concerning Plaintiff's refusal.

Notably, while Plaintiff's Complaint is robust in its alleged factual and legal assertions, as concerns Defendant Yeshivah of Flatbush Joel Braverman High School, Plaintiff's claims are based on the singular circumstance which alleges that certain students of the Yeshivah had some participation in a public march/protest on March 11, 2021 in Brooklyn, New York and that the students received chesed hours for such alleged participation.

Based on these alleged facts, Plaintiff's current complaint asserts the following claims wherein the Yeshivah, and other defendants, are specifically identified: Count 3 - Violations of 42 USC 1986; Count 6 – Intentional Infliction of Emotional Distress; Count 9 – Negligence; Count 13 - Civil Assault; and Count 14 – Civil Conspiracy. Plaintiffs' Complaint includes a myriad of additional claims albeit the Yeshivah is not specifically identified and/or named in the presentation of those other alleged causes of action.

This action, like the one before, is spurious and lacks factual and legal foundation, and should be dismissed, certainly as to Defendant Yeshivah of Flatbush Joel Braverman High School (improperly named Yeshiva of Flatbush Joel Braverman High School LLC).

**II.    Grounds for Fed. R. Civ. P. 12(b)(6) Motion to Dismiss**

The Plaintiff's May 2025 filed complaint in this matter is incredibly similar to the Plaintiff's complaint filed in the matter of *Hirsch v. Beda, et al.*, 1:22-cv-05011-EK-VMS, which action this Honorable Court dismissed on March 25, 2025.

As set forth in the decision issued by this Court on March 25, 2025, pursuant to Rule 12(b)(6), Plaintiff failed to state a cause of action for civil RICO and RICO conspiracy and thus his two federal claims were dismissed. The Court then further found that Plaintiff's remaining state claims must be heard in state court as the Court lacks subject matter jurisdiction. Despite the Court's graciousness in providing Plaintiff with multiple opportunities to show cause that there is federal jurisdiction, Plaintiff could not do so. Rather, Plaintiff filed the instance action which is essentially the same lawsuit as previously before this very Court.

Presently, in the current iteration of the complaint which largely mirrors its prior iterations and particularly so as to Defendant Yeshivah, Plaintiff asserts five causes of action against Defendant Yeshivah of Flatbush Joel Braverman High School (improperly named Yeshiva of Flatbush Joel Braverman High School LLC) -- Violations of 42 U.S.C. §1986, Intentional Infliction of Emotional Distress ("IIED"), Negligence, Civil Assault, and Civil Conspiracy. The only facts alleged by Plaintiff with regards to Defendant Yeshivah is that certain Yeshivah students attended a public march on March 11, 2021 and for such attendance, they were given "chesed" hours by the Yeshivah.



- 3 -

### A. Plaintiff's "State" Claims

With regards to the Plaintiff's causes of action not based on the invocation of federal law, these claims should be dismissed under principals of *res judicata* or collateral estoppel as they have already been fully heard by this Court in *Hirsch v. Adina Miles, et al.*, 1:22-cv-05011-EK-VMS. They should otherwise be dismissed because the Court, again, lacks subject matter jurisdiction to hear them.

Moreover, these claims fail because Plaintiff's Complaint fails to state a cause of action to support them as to Defendant Yeshivah. For instance, with regards to the claim for IIED (Count 6), a Plaintiff must establish: (1) extreme and outrageous conduct; (2) intent to cause, or disregard the probability of causing, severe emotional distress; (3) causation; and (4) severe emotional distress. *See Robles v. Cox & Co.,* 841 F. Supp. 2d 615, 630 (E.D.N.Y. 2012). As to Defendant Yeshivah, Plaintiff's Complaint is silent as to a single fact concerning any conduct by the Yeshivah which could even be considered to meet the threshold of extreme and outrageous conduct. Similarly, with regards to Plaintiff's claim for negligence (Count 9), Plaintiff fails to plead facts that the Yeshiva Defendants owed him a duty of care – rather the Complaint asserts there was some duty once the Yeshivah became aware of actions by it (the singular alleged participation of certain Yeshivah students in a public protest) caused Plaintiff harm – duties of care do not arise retrospectively.

With regards to Plaintiff's claim for civil conspiracy (Count 14) no such independent tort is recognized under New York law. Moreover, beyond pure speculation, Plaintiff's Complaint fails to identify which defendants, let alone that Defendant Yeshivah, agreed to commit any tort or unlawful act together with another defendant and that the participation in such plan caused damage to Plaintiff.

As concerns the claim for civil assault, Count 13, we note that this is defined as intentionally placing another in fear of imminent harmful or offensive contact. *Dougherty v. Weinert,* 10 Misc. 3d 62, 63 (App. Term. 1st Dept. 2005) *citing United Natl. Ins. Co. v Waterfront N.Y. Realty Corp.,* 994 F2d 105, 108 (2d Cir 1993). A plaintiff must allege that the defendant *intended* to arouse apprehension of harmful or offensive bodily contact. *Sutter v. Dibello,* 2019 U.S. Dist. LEXIS 136665, *72 (E.D.N.Y. 2019);  Here, while asserting this cause of action against many defendants, including Defendant Yeshivah, the "facts" to support the cause of action in Plaintiff's Complaint does not speak to the alleged actions of Defendant Yeshivah nor does it allege or show how Defendant Yeshivah intended to place Plaintiff in a state of apprehension or that Defendant Yeshivah did so.

As such, there is ample basis on which Defendant Yeshivah would seek to move to dismiss Plaintiff's Complaint.

### B. Federal Claims

Plaintiff's attempt to retain federal jurisdiction by adding frivolous claims such as Count 3 alleging violations of 42 U.S.C. §1986, should be rejected. Pursuant to 42 U.S.C. §1986, liability is imposed on an individual who has knowledge of wrongs prohibited under 42 U.S.C. §1985. Hence, a Section 1986 claim is contingent on a valid Section 1985 claim. Here, Plaintiff has not

made a valid Section 1985 claim (as set forth below), and thus he does not have a viable Section 1986 claim against Defendant Yeshivah. *See Graham v. Henderson*, 89 F.3d 75, 82 (2d Cir.1996). *See also Dwares v. New York*, 985 F.2d 94, 101 (2d Cir.1993) ("Liability under § 1986 . . . is dependent on the validity of a claim under § 1985.")

To that end, Section 1985 prohibits conspiracies to interfere with civil rights. The Plaintiff's allegations fail to comport with the requirements of 42 U.S.C. §1985(1), (2) or (3). Section 1985(1) prohibits conspiracies to prevent federal officials from performing their duties. Section 1985(2) generally prohibits conspiracies aimed at deterring witnesses from participating in either federal or state judicial proceedings. See *Chahal v. Paine Webber Inc.*, 725 F.2d 20, 23 (2d Cir.1984). Neither of these sections are applicable to the Plaintiff's claims.

To maintain a claim of conspiracy under Section 1985(3), plaintiff must allege "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of equal protection of the laws, or of equal privileges and immunities under the laws; (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right of a citizen of the United States." *Brown v. City of Oneonta*, 221 F.3d 329, 341 (2d Cir. 2000).

The conspiracy must be motivated by "some racial or perhaps otherwise class-based, invidious discriminatory animus." *Palmieri v. Lynch*, 392 F.3d 73, 86 (2d Cir. 2004) (internal quotation marks omitted). Section 1985(3) may not be construed as a "general federal tort law"; it does not provide a cause of action based on the denial of due process or other constitutional rights. *Griffin v. Breckenridge*, 403 U.S. 88, 101-02 (1971).

Here, notably, Plaintiff has not included the Yeshiva Defendants in his 42 U.S.C. §1985 claim. Moreover, Plaintiff's claim fails because he has not alleged any valid conspiracy for purposes of depriving him of equal protection of the laws. Thus, Plaintiff's federal law claim against Defendant Yeshivah is subject to proper dismissal.

**Conclusion**

For the foregoing reasons, Defendant Yeshivah of Flatbush Joel Braverman High School seeks leave to make a motion to dismiss or for other relief as the Court deems just and proper. We thank you in advance for your time and consideration to this application. Please do not hesitate to contact the undersigned should Your Honor have any questions.

        Respectfully submitted,

        */s/ Shirley Karasick*
        Shirley Karasick

        */s/ Joanna Piorek*
        Joanna Piorek