

**MURIEL GOODE-TRUFANT**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**MICHAEL FUTRAL**
*Assistant Corporation Counsel*
Phone: (212) 356-1643
Fax: (212) 356-3509
mifutral@law.nyc.gov

**By ECF**

September 23, 2025

Honorable Judge Eric R. Komitee
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY, 11201

   Re: <u>Elliot M. Hirsch v. Rabbi Yitzchak Yisraeli, et al.</u>, 25-CV-2757 (EK)(VMS)

Your Honor:

  I am an Assistant Corporation Counsel in the Office of Muriel Goode-Trufant, Corporation Counsel of the City of New York, and the attorney representing Defendant City of New York ("City") in the above-referenced matter. Pursuant to Your Honor's Individual Practices, the City respectfully requests a pre-motion conference in advance of its anticipated fully dispositive motion to dismiss Plaintiff's Complaint, filed on May 14, 2025. (*See* ECF No. 1).

  By way of background, Plaintiff alleges that in March of 2021, members of the Orthodox Jewish community posted on social media and organized public protests in response to his refusal to give his wife, Codefendant Elizabeth Kairey, a Get, a Jewish divorce document. Plaintiff brings this case, challenging, *inter alia*, the City's failure to stop or intervene in the March 2021 protests, and asserts claims under 42 U.S.C. §§ 1983, 1985(3), and 1986, and under New York law for intentional infliction of emotional distress ("IIED"), civil assault, and civil conspiracy.

  **A. Standard of Review.**

  Pursuant to Rule 12(b)(6), a pleading is properly dismissed when, read in the light most favorable to the non-movant, it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12. To survive, a complaint must contain "sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A court should therefore dismiss a complaint when it appears that a plaintiff has failed to plead a plausible claim of relief. *See id.*

  **B. All of Plaintiff's Claims are Time-Barred.**

  The statute of limitations for a Section 1986 claim is one year. *See* 42 U.S.C. § 1986. In New York, the statute of limitations for Sections 1983 and 1985 claims is three years. *See Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002). Under New York law, a one-year statute of limitations applies to common-law intentional tort claims, including IIED and assault, *see Berlin v. JetBlue Airways Corp.*, 436 F. Supp. 3d 550, 565 (E.D.N.Y. 2020), and a civil conspiracy claim is "time-barred when the substantive tort underlying it is time-barred," *see Zirvi v. Flatley*, 433 F. Supp. 3d 448, 461 n.6 (S.D.N.Y. 2020) (citations omitted).

Here, Plaintiff filed this action on May 14, 2025, concerning incidents that, to the extent they involve the City, occurred no later than March 11, 2021, the date of the most recent protest that Plaintiff alleges and the date on which Plaintiff provided Ms. Kairey with the Get. Thus, Plaintiff's Section 1986, IIED, civil assault, and civil conspiracy claims all accrued on March 11, 2021, and became time-barred on March 11, 2022. Similarly, Plaintiff's *Monell*, selective enforcement, and Section 1985(3) claims also accrued on March 11, 2021, and became time-barred on March 11, 2024. Thus, all of Plaintiff's claims are time-barred and must be dismissed.

### C. Plaintiff did not Plead Compliance with New York's Notice of Claim Statute.

New York's notice-of-claim statute requires that plaintiffs asserting state tort claims against a municipality must, *inter alia*, "file a notice of claim within 90 days of the incident that gives rise to the claim." *Palmer v. City of New York*, 564 F. Supp. 3d 221, 241 (E.D.N.Y. 2021) (citing New York Gen. Mun. Law §§ 50-e and 50-i). Under "Section 50-i, a plaintiff is [also] required to affirmatively plead in his complaint that he has filed a notice of claim, and that such notice was served at least 30 days prior to commencement of the action." *Id.* (citations omitted).

Here, Plaintiff's Complaint does not allege that he filed a notice of claim or that he served a notice of claim on the City at any time prior to commencing this suit. Thus, Plaintiff has not complied with New York's notice-of-claim requirements, and his state law claims for IIED, civil assault, and civil conspiracy must be dismissed.

### D. Plaintiff Fails to State a Claim Under § 1983 for Selective Enforcement or *Monell*.

Section 1983 requires that a plaintiff show that the alleged harm was "committed by a person acting under the color of state law," and that the action "deprived [him] of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010).

A plaintiff may establish an equal protection violation based on a claim of selective enforcement by "prov[ing] that (1) the person, compared with others similarly situated, was selectively treated, and (2) the selective treatment was motivated by an intention to discriminate on the basis of impermissible considerations, such as race or religion." *Hu v. City of New York*, 927 F.3d 81, 91 (2d Cir. 2019).

Here, Plaintiff's selective enforcement claim fails, first, because his allegations are conclusory and he does not plead facts showing that the New York City Police Department ("NYPD") knew his identity, background, or reasons for the protests, or that its conduct was motivated by discriminatory intent. Plaintiff's claim also fails because the Fourteenth Amendment does not require a state to "protect the life, liberty, and property of its citizens against invasion by private actors," *DeShaney v. Winnebago Cnty. Dep't of Social Servs.,* 489 U.S. 189, 195, 197 (1989), and "police officers have no … general duty to provide public service or protection to individual citizens." *Morris v. City of New York*, No. 14-CV-1749 (JG) (LB), 2015 U.S. Dist. LEXIS 54550, at *13 (E.D.N.Y. Apr. 27, 2015).

A plaintiff asserting a Section 1983 claim against a municipality pursuant to *Monell v. Dep't of Social Services of City of New York*, 436 U.S. 658 (1978), must allege three elements: "(1) a municipal policy or custom that (2) causes the plaintiff to be subjected to (3) the deprivation of a constitutional right." *Agosto v. New York City Dep't of Educ.*, 982 F.3d 86, 97 (2d Cir. 2020).

Here, Plaintiff's *Monell* claim fails because he does not identify a specific policy and alleges that his rights were purportedly violated by the non-action, or non-enforcement, of the NYPD, which does not constitute a constitutional violation satisfying the third element under a *Monell* claim. *See* Compl. ¶¶ 295, 298; *Ekeoma v. City of New York*, No. 23-CV-946 (AMD) (LB), 2024 U.S. Dist. LEXIS 168560, at *31 (E.D.N.Y. Sept. 18, 2024).

### E. Plaintiff's §§ 1985 and 1986 Claims Fail.

Section 1985 creates a cause of action for conspiracies that are "motivated by some racial or perhaps otherwise class-based, invidious discriminatory animus." *Dolan v. Connolly*, 794 F.3d 290, 296 (2d Cir. 2015). To state a claim under Section 1985(3), a plaintiff must allege, *inter alia*, that he "is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." *Id.* A Section 1986 claim is "necessarily predicated" on a Section 1985(3) claim. *See L.K. v. Sewanhaka Cent. High Sch. Dist.*, 641 Fed. App'x 56, 59 (2d Cir. 2016) (citations omitted). Here, Plaintiff does not plausibly allege discrimination by the City, that his person or property was injured, or that he was deprived of any right. (*See* Compl. ¶¶ 312, 351). Thus, Plaintiff fails to state a cause of action under Section 1985, and, by extension, Section 1986.

### F. Plaintiff's Civil Assault Claim Fails.

Civil assault "is an intentional placing of another person in fear of imminent harmful or offensive contact." *Tardif v. City of New York*, 991 F.3d 394, 410 (2d Cir. 2021). To hold a municipality vicariously liable for the actions of its officers in committing a state tort claim of civil assault under a theory of *respondeat superior*, a plaintiff must, *inter alia*, assert his claim against an individual officer. *See Demosthene v. City of New York*, 2018 U.S. Dist. LEXIS 122909, at *40 (E.D.N.Y. July 20, 2018) (citations omitted), *aff'd*, 831 F. App'x 530 (2d Cir. 2020). Here, Plaintiff does not assert any claims against individual officers and does not plausibly suggest any intent to cause him apprehension of imminent contact. Thus, his civil assault claim fails.

### G. Plaintiff's IIED Claim Fails.

To state a claim for IIED under New York law, a plaintiff must plausibly allege, *inter alia*, "extreme and outrageous conduct." *Turley v. ISG Lackawanna, Inc.*, 774 F.3d 140, 157-58 (2d Cir. 2014). In addition to being "highly disfavored" under New York law, *see id.* at 158, "New York courts routinely hold that IIED claims against government agencies, including New York City, are barred for public policy reasons," *see Chukwuka v. City of New York*, No. 08 CV 2095 (RJD) (LB), 2010 U.S. Dist. LEXIS 98875, at *27 (E.D.N.Y. Sept. 17, 2010) (citations omitted). Further, the Free Speech Clause of the First Amendment also bars IIED claims where the speech in question is a matter of public concern. *See Snyder v. Phelps*, 562 U.S. 443, 451 (2011). Here, Plaintiff's IIED claim against the City fails not only for public policy reasons, but also because he does not plausibly allege extreme and outrageous conduct and because, by his own account, the March 2021 protests were a matter of public concern. Thus, Plaintiff's IIED claim fails.

### H. Plaintiff's Civil Conspiracy Claim Fails.

Where a plaintiff "fails to state causes of action for [any] of the torts underlying the alleged conspiracy, ... [he] necessarily fails to state an actionable claim for civil conspiracy." *Kirch v. Liberty Media Corp.*, 449 F.3d 388, 401 (2d Cir. 2006). Here, Plaintiff's civil conspiracy claim fails because he has not adequately stated a cause of action that could support his civil conspiracy claim. Thus, Plaintiff's claim must be dismissed.

Defendant City thanks the Court for its time and consideration of this request.

> Respectfully submitted,
>
> *Michael Futral /s/*
>
> Michael Futral
> *Assistant Corporation Counsel*
> Special Federal Litigation

Cc: **By ECF and Mail**
Elliot M. Hirsch
7 Saxony Drive
Oakhurst, NJ 07755
*Pro se Plaintiff*