UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------- x
ELLIOT M. HIRSCH,

                       Plaintiff,                        **ORDER**

      -against-                      25 Civ. 2757 (EK) (VMS)

RABBI YITZCHAK YISRAELI et al.,

                       Defendants.
--------------------------------------------------------------- x

**Vera M. Scanlon, United States Magistrate Judge:**

       Federal Rule of Civil Procedure 4(e) permits service of process on an individual in the United States by "(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made" or by (2) "(A) delivering a copy of the summons and of the complaint to the individual personally," "(B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there," or "(C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Federal Rule of Civil Procedure 4(d) additionally permits a defendant to waive service of process, upon a plaintiff's request satisfying certain conditions.

       The status of service of process on Defendants in this action falls into various categories.[1]

---

[1] The Court does not address the proof of service of process on Defendants Jay R. Butterman, see ECF No. 13 at 1, the City of New York, see id. at 2, Sari Dana, see ECF No. 27 at 1, and Rabbi Eli J. Mansour, see ECF No. 56 at 1, as they have each appeared, through counsel, in this action. Although proof of service of process on Defendant The Edmond J. Safra Synagogue Inc. has not been filed, because it has appeared through counsel the Court does not address the status of service of process on it.

1

## I.   DEFENDANTS PROPERLY SERVED

First, certain Defendants appear to have been properly served with process.

As to Defendant Dr. Mark Rand, the proof of service of process by USMS indicates that USMS "personally served" Mark Rand.  ECF No. 48 at 1.  This service of process complies with Federal Rule of Civil Procedure 4(e)(2)(A).

As to Defendant Amber Adler, the proof of service of process by USMS indicates that USMS "personally served" Amber Adler and notes that USMS "made contact w[ith] Amber" and that she was "served."  ECF No. 34 at 1.  This service of process complies with Federal Rule of Civil Procedure 4(e)(2)(A).  The proof of service of process, however, also indicates that process was left with "[a] person of suitable age and discretion then residing in defendant's usual place of abode," id., in apparent error, given that it indicates that Amber Adler was personally served with process.  By October 16, 2025, USMS is to file conforming proof of service of process.

## II.   DEFENDANTS IMPROPERLY SERVED

Second, certain Defendants were not properly served with process.

As to Defendant Michelle Abtan Amsellem, the proof of service of process by the United States Marshals Service ("USMS") indicates that USMS has "legal evidence of service" in the form of "USM 299 via certified mail."  ECF No. 15 at 1.  Also included with the proof of service of process are a screenshot of United States Postal Service ("USPS") tracking information, see id. at 4-6, and a certified mail return that was not executed by any recipient, see id. at 9-10.

As to Defendant Murray Betesh, the proof of service of process by USMS indicates that USMS has "legal evidence of service" in the form of "USM 299 via certified mail."  ECF No. 15 at 2.  Also included with the proof of service of process are a screenshot of USPS tracking

information, see id. at 3-4, and a certified mail return signed and dated on July 7, 2025, by an unidentified recipient, see id. at 7-8.

As to Defendant Abraham Manopla, the proof of service of process by USMS indicates that USMS has "legal evidence of service" in the form of "USM – 299 served via certified mail." ECF No. 35 at 1.  Also included with the proof of service of process are a screenshot of USPS tracking information, see id. at 2-3, and a certified mail return signed and dated on an illegible date in July 2025 by a recipient deemed an "[a]gent" with an illegible printed name, see id. at 4-5.

This purported service of process fails to comply with any of the six available options for service of process on Michelle Abtan Amsellem, Murray Betesh and Abraham Manopla, whose addresses for service of process are in Maryland, as to Ms. Amsellem, and in New Jersey, as to Mr. Betesh and Mr. Manopla, see ECF No. 10 at 2-3, as neither Federal Rules nor their respective state laws permits service solely via certified mail under the circumstances presented.[2, 3]

There are various means of approved service available.  First, USMS could request that Ms. Amsellem, Mr. Betesh and Mr. Manopla waive service of process pursuant to Federal Rule of Civil Procedure 4(d).  Second, USMS could effect service of process by complying with Federal Rule of Civil Procedure 4(e)(1) and, by extension, New York law, see, e.g., NY CPLR §§ 306, 308 & 312-a.  Third, USMS could effect service of process by complying with Federal

---

[2] Because the mailing to Ms. Amsellem was not accompanied by the request for "Restricted Delivery--show to whom, date, address of delivery," per Md. R. 2-121(a)(3), the service was incomplete.

[3] Because Mr. Betesh and Mr. Manopla have not appeared in the action within sixty days of mailed service, per N.J. R. 4:4-4(c), the service was not effected.

3

Rule of Civil Procedure 4(e)(1) and, by extension, Maryland law, see, e.g., Md. Rs. 2-121, 2-124 & 2-126, as to Ms. Amsellem, or New Jersey law, see, e.g., N.J. Rs. 4:4-3, 4:4-4, 4:4-6 & 4:4-7, as to Mr. Betesh and Mr. Manopla.  Fourth, USMS could effect service of process by complying with Federal Rule of Civil Procedure 4(e)(2)(A).  Fifth, USMS could effect service of process by complying with Federal Rule of Civil Procedure 4(e)(2)(B).  Sixth, USMS could effect service of process by complying with Federal Rule of Civil Procedure 4(e)(2)(C).

By December 8, 2025, USMS must properly serve Ms. Amsellem, Mr. Betesh and Mr. Manopla with process or file a letter as to the status of service of process on them.  If the lapse of funding, which began on October 1, 2025, to the United States Department of Justice renders USMS unable to comply with this deadline, USMS must promptly file a letter informing the Court of this circumstance.

### III.    DEFENDANTS UNABLE TO BE LOCATED

Third, certain Defendants were unable to be located.

As to Defendant Sarah Mizrachi, the relevant filing by USMS indicates that USMS was "unable to locate the individual" and notes "attempt – Ms. Jeffers said she did not know the person [illegible]."  ECF No. 25 at 1.  By October 16, 2025, Plaintiff is to file a letter listing an alternative address or alternative addresses at which service of process on Sarah Mizrachi can be accomplished or stating that he does not know of any such alternative addresses.

As to Defendant Adina Miles, the relevant filing by USMS indicates that USMS was "unable to locate the individual" and that she "[n]o longer lives at address."  ECF No. 49 at 1.  The District Court previously directed the Clerk of Court to issue an updated summons for Adina Miles with an alternative address: 1776 Marine Parkway, Brooklyn, NY 11234.  See ECF No. 14 at 5.  No such updated summons was issued.  The Clerk of Court is directed to promptly issue

the updated summons.  By December 8, 2025, USMS must properly serve Ms. Miles with process at the updated address or file a letter as to the status of service of process on her.  If the lapse of funding, which began on October 1, 2025, to the United States Department of Justice renders USMS unable to comply with this deadline, USMS must promptly file a letter informing the Court of this circumstance.

**IV.   DEFENDANTS ON WHOM OR WHICH SERVICE IS YET TO BE ATTEMPTED**

As to the remaining Defendants, USMS has yet to file proof of service of process on them.  By December 8, 2025, USMS must properly serve the remaining Defendants with process or file a letter as to the status of service of process on them.  If the lapse of funding, which began on October 1, 2025, to the United States Department of Justice renders USMS unable to comply with this deadline, USMS must promptly file a letter informing the Court of this circumstance.

Chambers will forward a copy of this Order to the Clerk of Court.  The Clerk's Office is requested to provide this Order and the updated Miles summons promptly to USMS.

Dated:  Brooklyn, New York
        October 9, 2025

*Vera M. Scanlon*
VERA M. SCANLON
United States Magistrate Judge