*** Filed ***
01:03 AM, 31 Oct, 2025
U.S.D.C., Eastern District of New York

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF NEW YORK**

---

**ELLIOT M. HIRSCH,**
Plaintiff,
 v.
**RABBI YITZCHAK YISRAELI ET AL**
Defendants.

Case No. 1:25-cv-02757 (EK)(VMS)

**VIA ECF**

10.30.2025

United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

---

**PLAINTIFF'S INITIAL DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(a)(1)**

Plaintiff Elliot M. Hirsch ("Plaintiff"), appearing pro se, hereby submits his Initial Disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure. Plaintiff reserves the right to supplement or amend these disclosures as discovery proceeds.

---

**I. Individuals Likely to Have Discoverable Information**

Plaintiff identifies the following individuals and entities as likely to have discoverable information that Plaintiff may use to support his claims, including matters concerning the March 11 2021 Get proceeding, subsequent online defamation and harassment campaigns, and related acts of coercion and intimidation:

1. **All named Defendants**, with addresses and domiciles as set forth in the Complaint.

2. **Employees, volunteers, and staff** of the Edmond J. Safra Synagogue and Yeshiva of Flatbush Joel Braverman High School, including rabbis, administrators, teachers, and security personnel with knowledge of events, communications, or public postings related to the incidents.

3. **Individuals who participated in or attended the March 11 2021 Get proceeding**, including minors from Yeshiva of Flatbush and community members present at that event.

4. **Members of the Orthodox Jewish community in Brooklyn**, including individuals affiliated with local EMT services, the neighborhood-watch group SHOMRIM, and synagogue leadership.

5. **Individuals identified through discovery** who participated in or had knowledge of the "Free Elizabeth" Chesed Fund campaign, its fundraising operations, and any related online or media coordination.

6. **Law-enforcement officers** and other public officials who responded to or investigated protests, harassment, or threats directed at Plaintiff.

7. **Medical and therapy professionals** involved in treating Plaintiff for trauma or emotional distress resulting from Defendants' conduct.

---

**II. Documents, Data, and Tangible Things**

Plaintiff possesses or has identified the following categories of materials that may be used to support his claims:

1. **Video and photographic evidence:**

    - Instagram, Facebook, and other social-media videos and photos depicting protests and harassment.

    - Police body-camera footage and civilian recordings from demonstrations in Brooklyn, NY.

2. **Electronic communications:**

   - Text messages, emails, and private-message exchanges among Defendants and third parties concerning the March 11 2021 Get proceeding, the "Free Elizabeth" campaign, and related coordination.

   - Messages between Plaintiff and various Defendants evidencing coercion, defamation, or intimidation.

3. **Online publications and fundraising data:**

   - Screenshots, archived webpages, and metadata from the "Free Elizabeth" Chesed Fund campaign.

   - Payment-processor and wire-transfer records showing fundraising and disbursement of campaign funds.

4. **Official records:**

   - Police incident reports, 911 logs, and investigative materials documenting threats, protests, or harassment.

   - Court filings, transcripts, and pleadings from related New Jersey and federal actions.

5. **Medical and psychological evidence:**

   - Therapy and medical documentation relevant to Plaintiff's emotional-distress damages.

All such materials are maintained on Plaintiff's personal devices, secure cloud storage, and in physical form at his residence. Plaintiff will make these materials available for inspection or production under Rule 34 as discovery progresses.

---

## III. Computation of Damages

Plaintiff seeks the following categories of damages and equitable relief, as set forth in the Complaint:

- **Compensatory damages:** Not less than $10,000,000,000 for reputational harm, emotional distress, loss of income, and deprivation of civil rights.

- **Punitive and treble damages:** Under applicable federal and state law, including RICO and civil-rights statutes, for willful, wanton, and malicious conduct.

- **Injunctive and equitable relief:** To prohibit further harassment or defamation; bar Defendants from contacting or speaking about Plaintiff; compel removal of defamatory content and issuance of retractions; require disgorgement of campaign funds obtained through fraud; and direct the return of the coerced Get document.

- **Ancillary orders:** Referral to law-enforcement authorities for investigation of potential criminal violations; protective orders sealing or redacting sensitive filings; and appointment of pro bono counsel under 28 U.S.C. § 1915(e)(1).

- **Any other relief** the Court deems just and proper.

Computation of specific monetary damages will be supported by production of financial, therapeutic, and evidentiary materials as discovery develops.

---

**IV. Insurance Agreements**

Plaintiff is not aware of any insurance agreement under which any person or entity may be liable to satisfy part or all of a judgment in this matter.

---

**V. Reservation of Rights**

Plaintiff expressly reserves the right to supplement or amend these disclosures pursuant to Rule 26(e) upon discovery of additional information.

Respectfully submitted,

Elliot M. Hirsch

/s/ Elliot M. Hirsch

Date: 10/30/2025