```
                 UNITED STATES DISTRICT COURT

                 EASTERN DISTRICT OF NEW YORK

    ELLIOT M. HIRSCH,           .   Docket No.
                                .   1:25-CV-02757-EK-VMS
         Plaintiff,             .
                                .
            v.                  .   Brooklyn, New York
                                .   Wednesday, November 5, 2025
    RABBI YITZCHAK              .   12:22 p.m.
    YISRAELI, ET AL,            .
                                .
         Defendants.            .
    . . . . . . . . . . . . .


              TRANSCRIPT OF STATUS CONFERENCE
         BEFORE THE HONORABLE VERA M. SCANLON
              UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For the Defendant, Jay R.    Furman Kornfeld & Brennan LLP
Butterman:                   JASON H. SEILER, ESQ.
                             88 Pine Street
                             32nd Floor
                             New York, New York 10005
                             212-867-4100

For the Defendant, Sari      Methfessel & Werbel
Dana:                        FREDERIC PAUL GALLIN, ESQ.
                             112 West 34th Street
                             17th Floor
                             New York, New York 10120
                             212-947-1999


For the Defendant,           Wilson Elser Moskowitz Edelman &
Yeshiva of Flatbush          Dicker LLP
Joel Braverman               JOANNA P. PIOREK, ESQ.
High School LLC:             7 Giralda Farms
                             Suites 100/110
                             Madison, New Jersey 07940
                             973-624-0800
```

```
For the Defendant, Edmond    Abrams, Gorelick, Friedman &
J. Safra Synagogue, Inc.     Jacobson, LLP
and Rabbi Eli J. Mansour:    JOSHUA BURTON, ESQ.
                             One Battery Park Plaza
                             Fourth Floor
                             New York, New York 10004
                             212-422-1200


For the Defendant, The       New York City Law Department
City of New York:            Special Federal Litigation
                             MICHAEL FUTRAL, ESQ.
                             JOSEPH ZANGRILLI, ESQ.
                             100 Church Street
                             Suite 3-208
                             New York, New York 10007
                             212-356-1643



Transcription Service:       Superior Reporting Services LLC
                                P.O. Box 5032
                                Maryville, TN 37802
                                865-344-3150


Proceedings recorded by electronic sound recording;
transcript produced by transcription service.
```

P R O C E E D I N G S

THE COURT: All right. So we're on for Hirsch v. Rabbi Yitzchak Yisraeli et al, 25-CV-02757.

So this conference was on for noon. We had our other conference last a little longer.

We have left some time for other parties to join. I don't think we have everybody here, although appearances here are a bit complicated, so let's just go down the line.

Do we have Mr. Hirsch on now? No. Okay.

I'm just going to go in the order that you're on the docket.

Do we have Mr. Butterman's counsel on the line? Mr. Seiler? Are you on?

I'm going to ask my deputy. Do you know if he was on?

THE COURTROOM DEPUTY: He was not on before, Judge.

THE COURT: Okay. All right.

So that counsel in the order, he should file a letter letting know why he didn't appear today.

Okay. Then we have for Defendant Dana, do we have Mr. Gallin?

MR. GALLIN: I'm here. Rick Gallin, Methfessel & Werbel. I'm here.

THE COURT: Okay. And then for the Yeshiva, do we have counsel?

1        MS. PIOREK:  Yes, Your Honor.  Good afternoon.
2   Joanna Piorek, from Wilson Elser.
3        THE COURT:  Okay.  And then for the Synagogue.
4        MR. BURTON:  Yes.  Synagogue as well as Rabbi Eli
5   J. Mansour, my name, Josh Burton, from Abrams, Gorelick,
6   Friedman & Jacobson.  Good afternoon, Your Honor.
7        THE COURT:  Hello.
8        And then for the City.
9        MR. FUTRAL:  Yes, Your Honor.  Michael Futral and
10  Joseph Zangrilli, for the City of New York.
11       THE COURT:  Okay.  All right.  Just for the City,
12  we have counsel who just spoke and Supervisor Ms. O'Flynn but
13  not Mr. Zangrilli.
14       So if you're going to work on the case, just file a
15  notice of appearance.
16       Did somebody just join for Hirsch, or are you
17  calling in for the next conference?
18       MR. SEILER:  No.  Hi.  My name is Jason Seiler.
19  I'm calling in for Jay Butterman.
20       THE COURT:  Okay.  All right.  So we just went
21  through the various Defendants' counsel, and Mr. Hirsch is
22  not on the line.
23       So my summary of this, and you can correct me, is
24  that everyone -- no one has answered who is appearing and
25  you're all moving --

1           MR. SEILER:  Correct.

2           THE COURT:  -- either are or will move.  That's

3  probably what's of most interest to all of you on here.

4           We had stayed discovery except for initial

5  disclosures.  And the point of the initial disclosures was

6  just so that everybody had some lay of the land of what you

7  were looking at if discovery were to go ahead.

8           For the parties who've appeared more recently, the

9  date for you is further out.

10          Mr. Hirsch has filed various letters for discovery

11 to go ahead.  He's not on here to make that argument.

12          But based on what we have so far, I don't see the

13 utility in having discovery go beyond the initial disclosures

14 when everyone is making or will be making a motion to dismiss

15 and the case is kind of -- has a lot of separate pieces.

16          So even if were to do discovery, I think

17 that -- not sure that everybody needs to share all of the

18 discovery not because I think that you need to keep things

19 confidential but because the issues are almost -- a couple of

20 them are separate silos.  That's how it appears at least

21 initially.

22          Maybe once I heard more about it, that piece would

23 be a little but different.

24          But unless anyone here thinks that we should be

25 doing discovery beyond initial disclosures, I'm not changing

1  it, and we don't have Mr. Hirsch here to argue for it, and I
2  don't find his letter complaining about the lack of discovery
3  to be persuasive.
4          So anyone here, I'm guessing you're not -- okay.
5  We're not going to do discovery now other than the initial
6  disclosures unless -- sorry.  Somebody started to say
7  something.
8          MR. SEILER:  Oh.  No.  I agree with you.
9          MR. BURTON:  Yeah.  I agree, Your Honor.
10         I just had a question.  It was my understanding --
11         THE COURT:  Sorry.  If you don't mind, just say who
12  you are just --
13         MR. BURTON:  Yeah.
14         THE COURT:  -- because there's a lot of folks on
15  here.
16         MR. BURTON:  Yeah.  My bad.  Yeah.  Josh Burton,
17  representing Edmond J. Safra Synagogue as well as Rabbi
18  Mansour.
19         It was my understanding that initial discovery
20  deadline was November 17th.  Has that been moved or no?
21         THE COURT:  There are different for different
22  parties depending on when they came in.  That was all.
23         MR. BURTON:  Okay.
24         THE COURT:  So I'm just saying for your
25  own -- yeah.  Just look at the docket or figure it out based

1  on when you appeared because we've kind of had a -- had
2  rolling appearances here.  That was all.
3           MR. BURTON:  Okay.  Yeah.  Just wanted to --
4           THE COURT:  Think the newest defendants were -- we
5  have the order -- 11/24 I think is what we calculated as the
6  upcoming date for the most recent appearances.
7           Anyway, if you need more time, you know, let me
8  know.  It's not an issue here.
9           All right.
10          MR. BURTON:  Okay.
11          THE COURT:  Just for the record and your
12 information, there are -- obviously, we've been -- we have
13 entered some orders about discovery relating to the other
14 parties to the extent -- everyone here looks -- I think is
15 looking to dismiss the case.
16          But to the extent that you think there's a party in
17 or who should be in and would be maybe a
18 counter-claimant -- a cross-claimant, rather, for you and you
19 have information that would be helpful, you know, you could
20 let the Court know or Mr. Hirsch know.
21          But our, you know, current circumstance, at least
22 on service, is we have Mark Rand who appears to be properly
23 served, but, you know, we don't know, and we haven't heard
24 from that person.
25          Then Amber Adler, again, appears to be properly

1  served but the -- we're supposed to get -- sorry.
2          We're supposed to have a confirming affidavit of
3  service which was due a couple of days ago, and that's
4  from -- to the filings at ECF, 57 and 59.
5          Then the information or order requesting or
6  ordering that is -- those are on the docket of those entries.
7          Okay.  Then Sarah Mizrachi, the clerk's office is
8  still -- needs to issue the summons and then there would be
9  service after that.
10         And then for the others, and this relates to those
11 other -- the orders that I just mentioned.  All of the other
12 non-appearing defendants, we need either service or status
13 letter by December 8th, and that's spelled out in the order
14 on the docket at 57.
15         So we have to wait and see if these parties get
16 served.  The Marshal Service is ordered to do it, but we
17 don't know, you know, what the status of their resources is,
18 and it involves people who are in other parties or in other
19 states, so that is an evolving situation.
20         Again, much of this is laid out in the orders.
21         But I'm just telling you, so you have a sense of
22 how this may come to bring everyone in, or there may be
23 additional modes and practices tied here.
24         And then just with regard to the letters that we
25 have most recently from Plaintiff, the letter at 61 is about

1  the Marshal Service delays.
2           The Marshal Service, for the most part, still has
3  time to serve, and the only question is as to Defendant
4  Adler.  And we're just going to have to wait and see.  So
5  there's no relief going to be granted there.
6           Mr. Hirsch appears to be asking for a sua sponte
7  entry of default.  We're not doing that, so that part of this
8  request is denied.
9           There's a proper process for requesting a
10 certificate of default.  The reason, in part, that I went
11 through the service issues which, again, are outlined in our
12 order is at best other than the appearing parties here, the
13 Defendants Rand and Adler may have been properly served.  I
14 don't know.
15          You know, I don't know.  That's as close as I could
16 figure out.
17          And other than the appearing Defendants here, no
18 one else has been served based on the record, so there's
19 no -- not entering a sua sponte entering of default for the
20 fact that service is a necessary precondition to that being
21 granted, and the letter at 61 is not the proper approach for
22 it.
23          And then there's a more far-reaching request for
24 entry of default as to any properly served defendants
25 generally so not doing that.

1       And then the request at 65 is for further
2  discovery.  I'm not doing that.
3       I think that, number one, we don't have Mr. Hirsch
4  here to explain why he thinks we should do that.  His letter
5  doesn't make a persuasive argument as to why it should
6  happen.
7       I think in this case, it would be helpful to have
8  the resolution for the motions to dismiss to know if anything
9  is actually going forward.
10      And I think the discovery, while possibly not that
11 extensive as to individual claims, is unnecessarily
12 complicated by the compilation of claims that have been put
13 together in this single action.
14      So that's the current state of what's on the docket
15 and the Court's decision in that regard.  It will include the
16 decisions in the order today and send a copy to Mr. Hirsch
17 and to -- it will be obviously available on ECF for all the
18 appearing parties.
19      All right.  So any issues that any of you on here
20 need to raise?
21      MR. SEILER:  No.  I don't think so.  Not for me,
22 for Jay Butterman.  Thank you, Your Honor.
23      MR. BURTON:  Just one quick clarifying question.
24 Again, Josh Burton, representing the Synagogue as well as
25 Rabbi Mansour.

1  Do we need to get specific written approval from
2  the Court to -- for leave to make a motion to dismiss or is
3  that -- we're already allowed to do that without any further
4  leave?
5  THE COURT: I feel like someone on here might
6  actually -- so what I would say is you need to follow the
7  district judge's individual rules.
8  I don't know off the top of my head when one party
9  is a pro se, but let me look.
10  MR. FUTRAL: Your Honor, I can confirm that.
11  THE COURT: Somebody might know.
12  MR. FUTRAL: A pre-motion conference letter is
13  required under the judge's individual rules.
14  MR. BURTON: Okay. Thank you.
15  THE COURT: What we can do is -- sorry. I'll just
16  say we'll attach a copy of the individual rules so that we're
17  sure that Mr. Hirsch has them and knows what's going on.
18  I'll attach it to the order today.
19  But for the attorneys, you should check and I'm
20  just looking quickly but -- sorry.
21  Go ahead. Somebody else wanted to say something?
22  MS. PIOREK: Yes, Your Honor. This is Joanna
23  Piorek, for the Yeshiva.
24  I just wanted to confirm we had filed, in August
25  back, one of those pre-motion for leave letters.

1  And I know that other defendants who are appearing
2  on the call today have done as well, so we just need to
3  wait -- await, Judge, the district judge's determination on
4  that; is that correct?
5           THE COURT:  Yeah.  Just for the --
6           MS. PIOREK:  Okay.
7           THE COURT:  -- counsel that had a question about
8  where the instructions are, if you look at page 4 of Judge
9  Komitee's rules, he exempts certain filings from the
10 pre-motion conference letter, but I don't think you all would
11 be covered by it so --
12          MR. BURTON:  Thank you.
13          He has some details about what's required for the
14 letter you might want to read before making the submission.
15          MR. BURTON:  Okay.  Thank you.
16          THE COURT:  All right.  Any other issue?
17          All right.  So depending on how the service issues
18 unfold, we may have another conference.  We're going to wait
19 and see.  But for now, here we are, and this will be
20 memorialized.
21          And then the only thing I would just say to you all
22 is to the extent that this case might go forward in whole or
23 in part beyond the motions to dismiss, you should just make
24 sure you clients are on notice of their preservation
25 obligations because we're not doing the discovery now other

1  than the initial disclosures.
2       Okay.  Thanks, everybody.  Have a good day.
3       MR. SEILER:  Thank you, Your Honor.
4       THE COURT:  Take care.
5       MS. PIOREK:  Thank you.
6       MR. BURTON:  Thank you, Your Honor.
7       THE COURT:  Bye.
8    (Proceedings adjourned at 12:37 p.m.)
9
                    TRANSCRIBER'S CERTIFICATE
10
         I certify that the foregoing is a correct
11
transcript from the electronic sound recording of the
12
proceedings in the above-entitled matter.
13

14
*Sherman Rivers*                        November 10, 2025
15

16  _____    _____
17  Sherman Rivers                     DATE
18  Legal Transcriber
19
20
21
22
23
24
25

Superior Reporting Services LLC
P.O. Box 5032 Maryville, TN 37802
transcripts@superiorreporter.com