# THE LAW FIRM OF
## JEFFREY S. DWECK, P.C.
43 West 33rd Street • Suite 304
New York, New York 10001

**(212) 967-0500**
**Fax: (212) 967-0501**
**Email: Jeffrey@dweckny.com**

**Jeffrey S. Dweck, Esq.***

**\* Also admitted in New Jersey.**

December 2, 2025

*Via ECF*
Honorable Eric R. Komitee
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: Hirsch vs. Rabbi Yitzchak Yisraeli at al
      Case No. 25-CIV-2757 (EK-VMS)
      <u>Request for Pre-Motion Conference</u>

To the Honorable Judge Komitee:

  We are writing to request a pre-motion conference, seeking dismissal of the Complaint in this action as the individual defendants Eva Shammah.

  We represent Eva Shammah, an individual who was recently delivered a Summons in the above-referenced action. Specifically, on or around November 14, 2025, approximately <u>six (6) months since the filing of this action</u>, and more than four and one-half (4½) years since the events complained of, Plaintiff appears to have attempted service upon several individuals.

  1. Defendant Shammah adopts the arguments made by counsel for The Edmond J. Safra Synagogue and Rabbi Eli J. Mansour in its letter to this Court dated November 17, 2025 (Docket Doc. No. 72).
  2. The attempted service was made approximately 6 months from the filing of this action, far beyond the 90-day period allowed under F.R.C.P. Rule 4(m) for Service of Process.
  3. The attempted service was defective and/or the Affidavit of Service incomplete.
  4. There is significant prejudice in this matter, as the statute of limitations has already run on most, if not all, of Plaintiff's claims.

Procedural History

  This case was commenced with the filing of a Complaint on or about May 14, 2025. See Docket Doc. No. 1. Eva Shamma was named as a defendant therein. No timely service was made

upon her or affidavit of service ever filed with respect to her.  On or about November 14, 2025, Eva Shammah received a copy of the Summons by at her doorstep.

Relevant Law

F.R.C.P. Rule 4(m) provides:

> (m) Time Limit for Service. If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. …

F.R.C.P. Rule 12 provides, in relevant part, as follows:

> Rule 12. Defenses and Objections: When and How Presented; Motion for Judgment on the Pleadings; Consolidating Motions; Waiving Defenses; Pretrial Hearing
> …
> (b) How to Present Defenses. Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:
> > …
> > (5) insufficient service of process;
> > …

The failure to timely serve under Rule 4(m) is grounds for dismissal under Rule 12(b)(5) for insufficient service of process.

Under Rule 4(m), "[t]he plaintiff bears the burden of proof in showing that it had good cause in not timely serving the defendant." *AIG Managed Mkt. Neutral Fund v. Askin Capital Mgmt., L.P.*, 197 F.R.D. 104, 108 (S.D.N.Y. 2000). "Good cause is 'generally found only in exceptional circumstances where the plaintiff's failure to serve process in a timely manner was the result of circumstances beyond its control.'" *Eastern Refractories Co., Inc. v. Forty Eight Insulations, Inc.*, 187 F.R.D. 503, 505 (S.D.N.Y. 1999) (quoting *Nat'l Union Fire Ins. Co. v. Sun*, No. 93 Civ. 7170, 1994 U.S. Dist. LEXIS 11934, 1994 WL 463009, at *3 (S.D.N.Y. Aug. 25, 1994)). Accordingly, "[a] party seeking a good cause extension bears a heavy burden of proof." *Alvarado v. Am. Freightways, Inc.*, No. 04 Civ. 9536, 2005 U.S. Dist. LEXIS 12226, 2005 WL 1467893, at *5 (S.D.N.Y. June 21, 2005) (citing *Geller v. Newell*, 602 F. Supp. 501, 502 (S.D.N.Y. 1984)). "[A] plaintiff's pro se status is no excuse for failure to serve the defendant properly and does not automatically amount to good cause for failure to serve within the time allotted by Rule 4(m) " *Harper v. New York City Admin.*, No. 09 Civ. 2468, 2010 U.S. Dist. LEXIS 469, 2010 WL 23328, at * 2 (S.D.N.Y. 2010).

"Ignorance of the law, even in the context of pro se litigants, does not constitute 'good cause' under Rule 4(m)." *Obot v. Citibank S. Dakota, N.A.*, No. 04-CV-784A, 2006 U.S. Dist. LEXIS 75260, 2006 WL 6905256 at *3 (W.D.N.Y. Oct. 17, 2006) (citing *Novak v. National Broadcasting Co. Inc.*, 131 F.R.D. 44, 45 (S.D.N.Y. 1990)).

   Further, in this case, the affidavit of service fails to show that the summons was served together with the Amended Complaint as required by Federal Rule of Civil Procedure 4(c)(1). The Affidavit does not detail when prior attempts at service were made and how, exactly, the present alleged service was made.

   Finally, most, if not all of limitations periods for the causes of action in the Amended Complaint have run. The events complained of occurred in or around March 2021 (Amended Complaint, ¶¶1, 49, et seq. and, with respect to defendant Shammah, §186, §§227-231, §309, §329, §349, §362, §402, et seq. and §524. The Complaint was filed more than four and one-half (4½) three years later and this alleged service occurs more than 5 years later.

   The applicable statutes of limitation are set forth on the Appendix hereto.

   Allowing service of process at this late stage in the litigation would be prejudicial to defendants. Dismissing the Complaint without prejudice under F.R.C.P. Rule 4(m) is appropriate under the circumstances, i.e. where no good cause for a delay in service of process exists, so that defendants can make their arguments for dismissal under the various statutes of limitation. See Dibo Hafif vs. Rabbi Eli J. Mansour, et al. (Case No. 22-CIV-1199 (LDH-RML)), where Hon. Lashann Dearcy Hall dismissed all claims in a similar Jewish divorce-related case where service of process was attempted years after the initial filing of the Complaint.

   As this Court may be aware, other grounds for a comprehensive motion to dismiss exists in this action. Recently, this Court dismissed a copy-cat case brought by Mr. Hirsch after extensive briefing, all of which applies to the case at hand. See, Elliot M. Hirsch v. Laurie Beda, et al. (Civil Action No. 22-05011). Defendants would respectfully request leave to move on these grounds, as well, should the same be necessary.

   We respectfully ask that Court schedule a pre-motion conference.

                    Respectfully submitted,

                    THE LAW FIRM OF
                    JEFFREY S. DWECK, P.C.

cc:  Counsel (via ECF)

   <u>Via First Class Mail</u>
   Elliot Hirsch
   7 Saxony Drive
   Oakhurst, NJ 07755

## Statutes of Limitation Applicable to the Complaint

| Cause of Action | Cause of Action | Statute of Limitations | Citation or Authority |
|---|---|---|---|
| First | 42 U.S.C. §1983 | 3 years in NY | Owens v. Okure, 488 U.S. 235 (1989); uses NY's personal injury SOL (CPLR § 214(5)) |
| Second | 42 U.S.C. §1985(3) | 3 years in NY | Same as above |
| Third | 42 U.S.C. §1986 | 1 year | 42 USC §1986 (statutory) |
| Fourth | Civil RICO (18 U.S.C. §1962(c)) | 4 years | Agency Holding Corp. v. Malley-Duff & Assocs., 483 U.S. 143 (1987) |
| Fifth | Conspiracy to Violate Civil RICO (18 U.S.C. §1962(c)) | 4 years | Agency Holding Corp. v. Malley-Duff & Assocs., 483 U.S. 143 (1987) |
| Sixth | Intentional Infliction of Emotional Distress (IIED) | 1 year | NY CPLR § 215(3) (intentional tort) |
| Seventh | Defamation | 1 year | CPLR 215(3) |
| Eighth | Conversion | 3 years | CPLR 214(3) |
| Ninth | Negligence | 3 years | CPLR 214(5) |
| Tenth | Unjust Enrichment | 6 years | CPLR 213(1), 213(2) |
| Eleventh | Negligent Infliction of Emotional Distress (NIED) | 3 years | NY CPLR § 214(5) (negligence) |
| Twelfth | Private Nuisance | 3 years | NY CPLR § 214(4) (injury to property) |
| Thirteenth | Civil Assault | 1 year | CPLR 215(3) |
| Fourteenth | Civil Conspiracy (derivative) | No independent cause in NY; SOL depends on underlying tort | |