Elliot M. Hirsch
7 Saxony Drive, Oakhurst, NJ 07755
Elliothirschlaw@gmail.com
917 750 0418

<u>VIA ECF</u>

12.2.25

United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: *Hirsch v. Yisraeli, et al.*, 25-CV-2757 (EK)(VMS) — Status of Service, Rule 55(a) Defaults, and Need for Court Guidance

Your Honors:

I respectfully submit this letter to address two issues that have become increasingly concerning from a procedural standpoint: (1) continuing difficulties relating to service of process by the U.S. Marshals Service following the Magistrate Judge's recent service orders, and (2) the status of Rule 55(a) entries of default for defendants who were properly served yet failed to answer within the time prescribed by the Federal Rules.

---

## 1. The U.S. Marshals Have Not Yet Complied With the Court's Service Order

On October 21, 2025, Magistrate Judge Scanlon issued an order directing the U.S. Marshals to update the docket by **October 24** with corrected affidavits of service and to effectuate proper service consistent with Rule 4. As of today no updated affidavits have been filed.

I respectfully note this only because, as a litigant proceeding *in forma pauperis*, I rely entirely on the U.S. Marshals for service. I am not permitted to serve defendants myself, and I do not control or supervise the Marshals' adherence to deadlines. I simply want the record to reflect that I have fully complied with every instruction issued to me, and that any delay is outside my control.

Given that the Court's order directed specific action by the Marshals by a fixed date, I am concerned that their non-compliance could further delay a case that has already been pending—between this action and the prior one—for more than four years.

## 2. Defaults Under Rule 55(a)

Several defendants—including **Dr. Mark Rand**—have been personally served according to the Marshals' own affidavits already on the docket, and their 21-day response deadlines have elapsed.

Under **Rule 55(a)**:

> "When a party **has failed to plead or otherwise defend**, and **that failure is shown by affidavit or otherwise**, **the clerk must enter the party's default.**"

Furthermore:

> "The court, on its own initiative, **may enter default** or **direct the clerk** to do so."

I respectfully note that, in this case, no defaults have been entered against any defendant — even in situations where service was expressly acknowledged and the deadline expired. I originally filed proper Rule 55 requests earlier in the action, but those requests were not acted upon and were later deferred without explanation.

Because the Court has now stated that no default judgments will be entered until outstanding motions are resolved, I respectfully request guidance:
 **Should Rule 55(a) defaults still be entered ministerially by the Clerk, with the understanding that default judgments (Rule 55(b)) will be addressed later?**

I ask because, as the docket currently stands, defendants may see no procedural consequence for allowing their deadlines to pass, which may encourage non-participation and further stagnation.

## 3. Clarification Regarding Service Issues Raised by Attorney Jeffrey Dweck

I also wish to briefly address the statements submitted by attorney **Jeffrey Dweck**. His recent filing suggested that Defendant Eva Shammah had not been timely served and that I failed to file proofs of service. This is incorrect.

Mr. Dweck is fully aware — from his participation in the prior, related federal action — that I am proceeding IFP and that **all service is handled exclusively by the U.S. Marshals**. I do not file affidavits of service because I am not the one performing service. It is unclear why counsel asserted otherwise, and I respectfully note that such statements may mislead the Court about my compliance with its directives and may potentially be sanctionable conduct for stating misleading and false information to the Court. His client was named in the prior action and I was likewise

granted IFP status in that earlier matter by the Chief District Justice of New Jersey Freda L. Wolfson.

I understand that counsel may not have been fully up to date on the docket, but I wanted the record to reflect that these assertions are not accurate and his letter motion is rife with inaccuracies and should be ignored and/or reviewed for asserting false statements of fact.

## 4. Procedural Fairness Concerns (Raised Respectfully)

I state the following with complete respect for the Court:

This case's procedural history places me in an unusual posture. My prior federal action—based on the same underlying events—was dismissed after four years due to a pleading-wording issue ("resides" vs. "citizen"), despite the fact that the case had already survived screening by the Chief Judge of the District of New Jersey. I have therefore been held to **the most exacting procedural standards**.

By contrast, several defendants here—including governmental entities and experienced counsel—have missed deadlines or filed procedurally improper submissions without consequence.

I am *not* suggesting any impropriety. I am merely noting that, to outside observers reviewing this publicly accessible docket, the disparity in procedural enforcement may give the appearance of uneven application of the rules. I want to preserve for the record that I am doing everything within my ability to comply with all court rules and orders, but many aspects of this case—particularly service—are not within my control.

## 5. Request for Relief

With full respect, I ask that the Court:

1. **Direct the U.S. Marshals to comply with the Magistrate Judge's October 21 order**, including updating the docket with corrected affidavits of service immediately;

2. **Direct the Clerk of Court to enter Rule 55(a) defaults against defendants who have been properly served and failed to respond**, including Dr. Mark Rand and any others whose deadlines have passed;

3. Provide any **additional guidance** the Court deems appropriate regarding how defaults should be handled while motions to dismiss are pending;

4. Clarify whether future Rule 55(a) defaults should still be requested by me or will be handled ministerially by the Clerk under Rule 55(a).

Thank you for the Court's attention to these issues. I remain committed to complying with every rule and order issued in this matter.

Respectfully submitted,
 **Elliot M. Hirsch**

**/s/ Elliot M. Hirsch**

**Pro Se Plaintiff**