LAZARUS & LAZARUS, P.C.

COUNSELLORS AT LAW

240 MADISON AVENUE 8ᵀᴴ FL.
NEW YORK, N.Y. 10016

TEL: 212-889-7400
FAX: 212-684-0314

March 27, 2026

***Via ECF Filing To:***

Honorable Judge Eric Komitee
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

*Re:* **ELLIOT M. HIRSCH v RABBI YITZCHAK YISRAEL, et. al.**
**Case No.: 25-cv-02757(ek)(VMS)**

Dear Honorable Sir:

We are the attorneys for the Defendant Rabbi Max Sutton ("Rabbi Sutton") in connection with the above referenced matter.

Reference is made to the letter motion filed by the undersigned on March 18, 2026 requesting that the time for Rabbi Sutton to respond to the Complaint filed by Plaintiff Elliot M. Hirsch ("Plaintiff") be extended from March 6, 2026 to April 6, 2026. *See* ECF 88 (hereafter "Letter Motion"). The Letter Motion had as an attachment a Stipulation between Plaintiff and the undersigned whereby Plaintiff agreed to extend the answer due date to April 6, 2026 in exchange for Rabbi Sutton's agreement not to object to the manner of service. This was a valuable concession in that the person upon whom Plaintiff's Complaint was served is Rabbi Sutton's daughter-in-law, residing in a home in which Rabbi Sutton has never resided. In fact, Rabbi Sutton has resided in Israel for, approximately, the past 40 years[1].

Nonetheless and in anticipation the Court's order granting the Letter Motion to extend Rabbi Sutton's response due date to April 6ᵗʰ, 2026, I write to inform you that, pursuant to Section II B of Your Honor's Individual Rules and Practices in Civil Cases, we submit this letter to respectfully request a pre-motion conference regarding our intent to file a Fed. R. Civ. P. 12(b)(6) motion to dismiss the Complaint based upon the same or similar grounds as those set forth in the November 1, 2025 letter from Mark Ian Binsky, Esq. ("Binsky"), submitted on behalf of the Defendants The Edmond J. Safra Synagogue, Inc. and Rabbi Eli J. Mansour (ECF 72) (hereafter, referred to as the "Binsky Letter").

---

[1] Rabbi Sutton did not waive an objection to jurisdiction over his person.

In the first instance, Rabbi Sutton was not served with the June 9, 2025 Summons (ECF No. 10) until February 13, 2026 (ECF No. 87). Federal Rule of Civil Procedure 4(m) provides, in pertinent part, that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Here, service on Mr. Sutton occurred more than eight months after the commencement of this action, well beyond the 90-day period mandated by Rule 4(m).

On a more substantive basis and as provided in detail in the Binsky Letter, the Complaint should be dismissed for its failure to properly plead Plaintiff's RICO claims.

The Binsky Letter often cites to the March 25, 2025 Order by Your Honor in a prior action ("Prior Action")[2] brought by Plaintiff against many of the same defendants for the same, if not identical, claims. Your Honor dismissed Plaintiff's causes of action for civil RICO and RICO conspiracy in the Prior Action specifically ordering, "[Plaintiff] may not amend his RICO claims, which shall be dismissed with prejudice."

As argued by Binsky, Plaintiff, again, fails to properly allege a RICO cause of action. Plaintiff does not adequately plead the existence of an enterprise. Even an "association-in-fact" enterprise requires well-pled facts showing an ongoing organizational structure and that the participants operated as a continuing unit. *See, First Capital Asset Mgmt. v. Satinwood, Inc.,* 385 F.3d 159, 2004 U.S. App. LEXIS 20302 (2d Cir. 2004). Plaintiff's Complaint fails to establish or prove that any sort of organization existed to the alleged enterprise. The claims merely show a group of people with similar opinions participating in similar activities. There is no evidence of any formal or informal organization, nor any facts suggesting that these individuals operated together as a cohesive or "continuing unit," as required under *First Capital Asset Mgmt. v. Satinwood, Inc.*, 385 F.3d 159 (2d Cir. 2004).

As further argued in the Binksy Letter, a RICO enterprise "must have a structure distinct from the pattern of racketeering activity in which its members engage. ... 'The enterprise is not the 'pattern of racketeering;' it is an entity separate and apart from the pattern of activity in which it engages.'" *New York v. UPS, Inc.,* 2016 U.S. Dist. LEXIS 105038 (S.D.N.Y. 2016). The enterprise must also be separate from the participants in the enterprise. *Paul Hobbs Imps. Inc. v. Verity Wines LLC* 2023 U.S. Dist. LEXIS 12184, 2023 WL 374120 (S.D.N.Y. 2023). Plaintiff alleges no facts that illustrate that the alleged RICO enterprise here has any existence beyond the collective activities and identities of those who made the internet posts or attended the protests.

Binsky maintains that because the allegations are unchanged from the Prior Action, the prior grounds for dismissing the RICO claims necessarily control this action too. For example, the duration of the free Elizabeth campaign is alleged to be a "seven-day period in March 2021". Plaintiff, again, fails to show a continuing pattern of racketeering activity since the duration of the activity remains brief and there was no longer a threat of continuing criminal activity beyond the date when plaintiff gave his wife a Get. Such factors show that Plaintiff cannot establish either open-ended or close-ended continuity. It is clear that the defendants' activities did not meet the time frame for close ended continuity, and where, as here, the alleged scheme is inherently terminable, there can be open ended continuity. *See, Purchase Real Estate Group Inc. v. Jones,*

---

[2] Hirsch v. Beda, et.al., Case Number: 22-cv-5011 (EK)(VMS).

2010 U.S. Dist. LEXIS 87571  2010 WL 3377504 (S.D.N.Y. 2010).

Plaintiff can still show no pattern of racketeering activity for another reason. There is no RICO pattern of activity if such acts are committed to gain only a single objective. *Bandari v. QED Connect, Inc.* 2025 U.S. Dist. LEXIS 169570, 2025 LX 386975 (S.D.N.Y. 2025). *See* also Your Honor's Order in the Prior Action's at page 7: "RICO caselaw disfavors finding continuity where the alleged scheme targeted few victims ...  and is inherently terminable.'" (Citing to *Black v. Ganieva,* 619 F. Supp. 3d 309, 2022 U.S. Dist. LEXIS 116239 (S.D.N.Y. 2022). There is only one putative victim in the instant complaint - plaintiff. As the Second Circuit held in *Spool v. World Child lnt'l Adoption Agency,* 520 F.3d 178, 2008 U.S. App. LEXIS 5691 (2d Cir. 2008), "Here ... the amended complaint alleges only 'a serious, but discrete and relatively short-lived scheme to defraud a handful of victims,' which is insufficient to establish open-ended continuity."

As Binnsky further argues, Plaintiff allegation of a *R1*CO conspiracy must also fail. Where the pleader, as in this case, has failed to make out a substantive RICO violation, there can be no conspiracy to commit one. *See, Nasik Breeding & Research Farm Ltd.* cited *supra.*

We further join with Bisky in his arguments concerning this Court's lack of subject jurisdiction, citing to the potential violation of the Constitution's Establishment Clause. *See, Kraft v. Rector, Churchwardens & Veslfy of Grace Church,* 2004 U.S. Dist. LEXI 4234, 2004 WL 540327 (S.D.N.Y. 2004).

We further join in Binsky's arguments as to the alleged violation of civil rights and emotional distress.

While the above does not set forth the entire basis for Rabbi Sutton's contemplated motion to dismiss, we respectfully request that the Court schedule a pre-motion conference or, in the alternative, grant leave for Rabbi Sutton to file such a motion.

We thank Your Honor for your attention to this matter and look forward to hearing from the Court.

Respectfully Submitted,

*/s/ Harlan M. Lazarus*

Harlan M. Lazarus, Esq.

HML:ct
CC: All counsel of record via ECF