

777 Third Ave, Suite 2104, New York, NY 10017
Phone: 212.952.1100 Fax: 212.952.1110
*www.hbandglaw.com*

*Paul Golden*
*Special Counsel*
*Direct: 212.952.1105*
*Paul.Golden@hbandglaw.com*

By ECF

Hon. Eric R. Komitee
District Court Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

April 6, 2026

> Re:    25-cv-02757-EK-VMS Hirsch v. Rabbi Yitzchak Yisraeli et al

Dear Judge Komitee:

This firm represents defendant Rabbi David Maslaton, who respectfully requests a pre-motion conference pursuant to Section III(B) of the Court's Individual Rules. Rabbi Maslaton joins in and adopts the arguments advanced by counsel for the Edmond J. Safra Synagogue and Rabbi Eli J. Mansour in their November 17, 2025 submission (ECF 72). This letter addresses additional grounds for dismissal including under various bases, including FRCP 12(b)(1), (5) and (6), as to Rabbi Maslaton.

Other than identifying him as a New York citizen, Plaintiff Hirsch refers to Rabbi Maslaton only in the fourteenth cause of action for civil conspiracy. Plaintiff's only concrete factual allegations concerning unjust enrichment—the only claim that is even arguably timely—are directed exclusively at Rabbi Yitzchak Yisraeli, who allegedly accepted a $2,000 fee and declined to refund it. (ECF 1, paragraphs 459–460.)

The allegations concerning Rabbi Maslaton consist of generalized assertions that he encouraged others, or failed to take steps to undo the Get. These statements are pleaded "upon information and belief," lack specific dates, communications, or acts directed toward Plaintiff, and do not identify any independent tortious conduct. They do not allege that Rabbi Maslaton made any statement about Plaintiff, threatened Plaintiff, took Plaintiff's property, or otherwise engaged in actionable conduct.

The following is a brief outline of the primary grounds for dismissal; Rabbi Maslaton reserves the right to seek relief on other bases as well, including without limitation any bases co-defendants cite in their potential motions.

*New Jersey Office:* 505 Main Street, Suite 212, Hackensack, NJ 07601 Tel: 201.831.1400 Fax: 201.831.1401

Hon. Eric Komitee
Page 2

Hon. Eric Komitee
Page 3

**1.  Rabbi Maslaton was served more than eight months after the complaint was filed.**

Plaintiff filed the complaint on May 15, 2025, but did not purport to serve Rabbi Maslaton until January 29, 2026. (ECF 80.) Rule 4(m) requires service within 90 days after filing. The untimeliness appears on the face of the record, warranting automatic dismissal.

**2.  The claims against Rabbi Maslaton are nonjusticiable because they challenge religious counseling and decision-making.**

The complaint alleges that Rabbi Maslaton encouraged Hirsch's former spouse to pursue obtaining a Get, recruited an officiant, and prevented the Get's nullification (ECF 1, paragraph 506). These allegations describe religious counseling, facilitation of a religious rite, and adherence to a religious determination.

Plaintiff's theory requires a court to determine whether the Get was valid, whether it was given under "duress" within the religious framework Plaintiff invokes, whether rabbis had a duty to investigate or reverse it, and whether declining to nullify it was wrongful. These are ecclesiastical determinations that civil courts may not resolve.

The complaint itself is grounded in religious assertions, including that the Get violated "religious protocol" (ECF 1, paragraph 425), that it was "not a valid legal document… under Jewish law" (*Id*. paragraph 428), and allegations of competing rabbinical views (*Id*. paragraph 74).

The First Amendment bars judicial inquiry into such matters. *See generally Serbian E Orthodox Diocese v Milivojevich*, 426 US 696 (1976). Because Plaintiff's allegations cannot be evaluated without determining whether religious advice or conduct was proper within the relevant faith, the claims are constitutionally barred.

**3.  With the exception of quasi-contract theories, the asserted tort predicates are time-barred.**

Plaintiff primarily seeks relief against Rabbi Maslaton only in the Fourteenth cause of action, which concerns civil conspiracy[1]. He alleges that the campaign culminated in a Get ceremony in March 2021. This action was not filed until May 2025. The torts Plaintiff identifies as predicates for civil conspiracy—defamation, negligent and intentional infliction of emotional distress, assault, nuisance, conversion, and negligence (See ECF 1, paragraph 5)—carry limitations periods ranging from one to three years. CPLR 215(3); CPLR 214. Any such claims expired no later than March 2024, and most expired earlier.

---

[1]   Although the complaint occasionally refers to 'all defendants' in other causes of action, Plaintiff alleges no conduct by Rabbi Maslaton outside the fourteenth cause of action.

Hon. Eric Komitee
Page 4

A conspiracy claim accrues with the underlying tort and fails when the predicate claims are untimely. *See Afshar v Procon, Inc.*, 442 F Supp 887, 891 (SD NY 1977). Accordingly, all tort-based aspects of the conspiracy claim are barred.

### 4. Unjust enrichment cannot serve as the predicate for a conspiracy claim.

Plaintiff's only potentially timely theory is unjust enrichment, but that doctrine cannot support civil conspiracy liability. New York law recognizes conspiracy only to connect a defendant to an underlying tort, and unjust enrichment is simply a quasi-contract claim. *See Columbia Mem. Hosp. v Hinds*, 38 NY3d 253, 275 (2022); *Palmieri v Perry, Van Etten, Rozanski & Primavera, LLP*, 200 AD3d 785, 788 (2d Dept 2021).

### 5. There is no subject matter jurisdiction against Rabbi Maslaton.

The only concrete monetary allegation against Rabbi Maslaton concerns a $2,000 payment allegedly made to another defendant, well below the jurisdictional threshold under 28 USC § 1332. The allegations against Rabbi Maslaton are extremely narrow in comparison with the broad allegations against other parties in the context of federal claims, so they are not part of the same "nucleus of operative fact," thus warranting dismissal against Rabbi Maslaton. *See United Mine Workers v Gibbs*, 383 US 715, 725 (1966). Moreover, this Court may decline to exercise supplemental jurisdiction against Rabbi Maslaton for other reasons. *See Norton v Town of Brookhaven,* 2023 U.S. App. LEXIS 11912 (2d Cir. 2023).

Respectfully submitted,

*Paul Golden*

Paul Golden

Cc:     Via ECF

        Additional Mailing to Plaintiff

*New Jersey Office:* 505 Main Street, Suite 212, Hackensack, NJ 07601 Tel: 201.831.1400 Fax: 201.831.1401